IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE DUTCHER and STACY NEGLEY, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CRESCO LABS, INC. and CRESCO LABS, LLC,<br><br>Defendants. | Case No. 21-cv-02106<br><br>Honorable Gary Feinerman |

**DEFENDANTS CRESCO LABS, LLC AND CRESCO LABS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS COUNT IV OF THE COMPLAINT**

Defendants Cresco Labs, LLC and Cresco Labs, Inc. (collectively, "Defendants" or "Cresco") move to dismiss Plaintiffs' common law breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have insufficiently pleaded the existence of any contract between them and either of the Defendants. Instead, Plaintiffs' allegations are mere conclusory claims that a "valid contract" was formed, when in reality they have not pleaded necessary details about the purported contract, express or otherwise. Their allegations are inadequate under FRCP 12(b)(6) and Massachusetts breach of contract law, and therefore fail to state a claim upon which relief may be granted.

**I.  FACTUAL BACKGROUND[1]**

Cresco is a cannabis and medical marijuana company based in Chicago, Illinois, with manufacturing, cultivation, and retail locations in several states. (ECF No. 1, Complaint ¶ 2.)

---

[1] Defendants accept the allegations in Plaintiffs' Complaint as true only for the purposes of this Motion.

1

Plaintiffs Janine Dutcher and Stacy Negley filed a class and collective action Complaint against Cresco alleging violations of federal and state wage and hour laws, as well as common law breach of contract and unjust enrichment claims. (*See id.*)

Plaintiffs are both former hourly employees[2] who Cresco employed at its Fall River, Massachusetts cultivation and dispensary facility. (*Id*. ¶¶ 38-38.) Plaintiffs allege that Cresco required them to undergo a health screening and to don and doff personal protective equipment ("PPE") while off-the-clock, and contend that such time should have been paid. In addition to their regular hourly rate for that supposed off-the-clock work, Plaintiffs further claim that the additional time spent on the health screening and donning and doffing sometimes resulted in their working more than 40 hours a week, such that they should have been but were not paid at the required overtime premium rate for hours worked over 40 in a week. (*See id*. ¶¶ 49-82.) They further assert they and similarly situated employees were not provided bona fide meal periods because the time they allegedly spent doffing and donning PPE while off-the-clock resulted in their meal period being less than 30 minutes in length. (*See id*. ¶¶ 83-86.) They allege that these practices violated the Fair Labor Standards Act ("FLSA") as well as the Massachusetts Wage Act and the Massachusetts Overtime Act. (*Id*. ¶¶ 113-26.) Plaintiffs seek to bring their FLSA claims on behalf of a nationwide collective and a Rule 23 class consisting of Massachusetts employees. (*Id.* ¶¶ 113; 127.)

In addition to their state and federal wage and hour claims, Plaintiffs also purport to bring common law breach of contract and unjust enrichment claims on behalf of a nationwide class of employees and former employees at Cresco locations in Arizona, California, Illinois, Maryland,

---

[2] Plaintiffs have failed to make a distinction between the Defendants and specify which entity was their employer. For purposes of this Motion only, Defendants believe such distinction is not critical to the analysis.

2

Massachusetts, Michigan, New York, Ohio, and Pennsylvania based on the same alleged compensation practices. (*Id.* ¶¶ 47, 162-79.) That is, Plaintiffs allege Defendants breached supposed individual contracts between Plaintiffs and either or both Defendants, and individual contracts between each putative class member and either or both of Defendants by "failing to pay each employee for each hour worked." They additionally allege that Cresco was unjustly enriched by the "retention of monies received" as a result of failing to pay certain employees for pre-shift and post-shift activities, as well as meal-time wages. (*Id.* ¶¶94, 177.)

## II.   ARGUMENT

Plaintiffs' Complaint fails to state a claim for breach of contract. The threadbare allegations in the Complaint relating to their breach of contract claim do not establish the existence of a contract, which is a basic pleading requirement at this stage. Plaintiffs' persistent conclusion that they were parties to a "valid contract" fails meet the pleading standard under Rule 12(b)(6), and the Court should therefore dismiss Count IV of the Complaint.

### A.   Legal Standard for Motion to Dismiss

A viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "[A] plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). To survive dismissal pursuant to Rule 12(b)(6), a plaintiff must include "specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). In the breach of contract context, this means the "pleading must contain enough factual allegations to raise a right to relief above the speculative level" and "legal conclusions and conclusory allegations merely reciting the elements

3

of the claim are insufficient, standing on their own." *Imagenetix, Inc. v. Walgreen Co.*, No. 11 CV 8277, 2012 WL 1231067, at *4 (N.D. Ill. Apr. 12, 2012) (citing *Twombly*, 550 U.S. 544 at 555); *Virinich v. Vorwald*, 664 F.3d 206, 213 (7th Cir. 2011).

Plaintiffs fail to allege specific facts sufficient to establish the existence of a valid contract between either of them and one or both of the Defendants in their Complaint, let alone valid contracts between all hourly employees Defendants employ throughout the country. Indeed, their breach of contract allegations are conclusory and speculative and should therefore be dismissed.

### B. Plaintiffs Fail to Sufficiently Plead the Existence of a Contract

#### 1. *Conflict of Law Analysis - Massachusetts Contract Law Applies*

As a threshold matter, this Court must determine which state's breach of contract law applies. "Federal courts sitting in Illinois follow Illinois' choice-of-law rules in determining which state law governs a plaintiff's state law claim." *Miles v. Am. Honda Motor* Co., No. 17 C 4423, 2017 WL 4742193, at *2 (N.D. Ill. Oct. 19, 2017) (citing *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987)). Illinois courts employ the most significant relationship test when deciding between conflicting laws. *Ingersol v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970). When applying this test, the law of the place of the injury controls unless Illinois has a more significant relationship with the occurrence and with the parties. *Id*. When applying the most significant relationship test, courts consider four factors: (1) where the injury occurred; (2) where the injury causing conduct occurred; (3) the domiciles of the parties; and (4) where the relationship of the parties is centered. *Id.* at 596.

In this case, both Plaintiffs worked at Cresco's Fall River, Massachusetts facility, and the alleged injuries in this case (i.e., the alleged failure to pay wages) thus occurred in

Massachusetts. Moreover, both Plaintiffs allege to be Massachusetts residents. (Compl. ¶¶ 38-39.) While Plaintiffs' Complaint fails to specify where the alleged contract was formed, it presumably occurred in Massachusetts, where both Plaintiffs worked and allegedly reside. Illinois does not have a more significant relationship with the alleged creation of the alleged contract or with Plaintiffs. Therefore, Massachusetts common law should apply to Plaintiffs' individual claims.[3]

2.  *Plaintiffs Allegations are Insufficient to State a Claim for Breach of Contract.*

To state a claim for breach of contract, Plaintiffs must allege "that there was an agreement between the parties; the agreement was supported by consideration; [Plaintiffs were] ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and [Plaintiffs] suffered harm as a result." *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) (citing *Singarella v. Boston*, 342 Mass. 385, 387 (1961)). Moreover, "a claim for breach of contract must set forth basic information as to the nature and terms of the alleged contract and the circumstances of the alleged breach." *Madden v. Ascensus College Sav. Recordkeeping Servs., LLC*, 2021 WL 231298, at *6 (D. Mass. Jan. 22, 2021).

Here, each Plaintiff has failed to adequately plead the existence of an agreement between herself and either or both of the Defendants. In their Complaint, Plaintiffs merely allege in a conclusory manner that Cresco (collectively) "offered [Plaintiffs] the opportunity to work for

---

[3] Notably, if Plaintiffs' breach of contract claim were to proceed on a class basis, the court would be required to apply this same conflict-of-law test and analysis based on the state breach of contract laws for each state in which Plaintiffs contend there are putative class members (Arizona, California, Illinois, Maryland, Massachusetts, Michigan, New York, Ohio, and Pennsylvania). Assuming for the sake of argument that there are valid contracts with each putative class member (there are not), the Court would need to apply the various state laws to each of the putative class members depending on which state the putative class member lived in and worked in, which would make this claim untenable as a class action.

Cresco as an hourly employee," which Plaintiffs accepted, thus "creating a valid contract between Cresco and [Plaintiffs] whereby Cresco was obligated to pay [Plaintiffs their] regular hourly rate of pay for each hour that [they] worked for Cresco, including the mandatory pre-shift, meal-period, and post-shift donning and doffing activities." (Compl. ¶¶ 87-88, 90-91.) However, these conclusory allegations are nothing more than a rote recitation of the elements of a breach of contract claim, which is wholly insufficient to state a claim under Rule 12(b)(6). *See Madden*, 2021 WL 231298, at *4 ("Without explaining 'what obligations were imposed on each of the parties by the alleged contract,' the complaint falls far short of the 'irreducible minimum' required to plead a claim for breach of contract.") (citing *Buck v. American Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (describing the pleading requirement for breach-of-contract claims under Massachusetts law)); *Hogan v. Teamsters Local 170*, 2020 WL 5821905, at *3 (D. Mass. Sept. 30, 2020) ("A plaintiff must at least plead facts identifying who did what to whom, when, where, and why, and explaining what obligations were imposed on each of the parties by the alleged contract.") (internal citation omitted); *Imagenetix*, 2012 WL 1231067, at *4 (N.D. Ill. Apr. 12, 2012) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim are insufficient" to state a claim) (internal quotations omitted); *see, e.g.*, *Aleshire v. Harris, N.A.*, No. 08 C 7367, 2009 WL 10701866, at *4 (N.D. Ill. Oct. 27, 2009)(dismissing a breach of contract claim where plaintiff "failed to sufficiently allege the material terms of the purported oral contract with any specificity, and thus has not raised her right to relief above the speculative level."); *Vieira v. First Am. Title Ins. Co.*, 668 F. Supp. 2d 282, 288 (D. Mass. 2009) (Under Massachusetts law, "[i]t is not enough to allege, in a conclusory fashion, that the facts demonstrate a breach of contract."). At the pleading stage, it is "essential to state with substantial certainty the facts showing the existence of the contract and legal effect thereof."

*Vieira,* 668 F. Supp. 2d at 289; *see Imagenetix, Inc.* 2012 WL 1231067, at *4 (dismissing the plaintiff's breach of contract claim where it was "not clear" from the allegations how a binding agreement was created); *Higgins v. Town of Concord*, 246 F. Supp. 3d 502, 518 (D. Mass. 2017) (granting motion to dismiss breach of contract claim where the complaint "fails to identify what 'contract' is at issue," making the claim "too vague and imprecise to provide meaningful guidance to the defendants"); *Grikscheit v. Cisco Sys., Inc.*, No. CIV.A. 07-11541-RWZ, 2007 WL 3232550, at *1 (D. Mass. Oct. 24, 2007) (dismissing breach of contract claim under Massachusetts law where "the complaint simply asserts, in conclusory fashion, that the plaintiffs 'formed an agreement with [defendant],' without providing any detail regarding the alleged contract or its terms").

Plaintiffs' breach of contract allegations in their Complaint are akin to the plaintiffs' allegations in *Squeri v. Mount Ida Coll*, which the court ultimately dismissed for failure to state a claim. 2019 WL 2249722, at *5 (D. Mass. May 24, 2019), *aff'd*, 954 F.3d 56 (1st Cir. 2020). In that case, the plaintiffs alleged that they "'fulfilled their contractual obligations to [defendant] by remitting tuition payments . . . for the purpose of receiving a degree in their selected field' and 'complied with all their financial and academic obligations.' Defendants, in turn, 'breached their contractual duty by failing to provide the education [that plaintiffs] bargained for and paid for.'" *Id.* The court concluded, "Merely paying tuition in exchange for an education does not create a contract," and that "[t]hese bare allegations do not suffice for a breach of contract claim." Similarly, here, Plaintiffs set forth bare allegations that simply being paid for their work and the existence of "earning statements" showing their pay rate somehow reflected a contract with Cresco. These allegations are not enough.

7

In *Driscoll v. Simsbury Assocs., Inc.*, 2018 WL 2139223, at *5 (D. Mass. May 9, 2018), for example, the plaintiff alleged a breach of contract claim based on the fact that she was an employee of the defendant and therefore alleged that the "normal and customary elements of [an employment] contract" existed between them. In that case, the court easily rejected that contention and dismissed the plaintiff's breach of contract claim. The court noted that "the complaint makes no attempt to define the terms of the alleged employment between Plaintiff and Defendant . . . [t]he complaint states only that Plaintiff was employed by Defendant and that she should have received paid time off which she did not receive." *Id.* The court concluded that a contract did not exist simply by virtue of the plaintiff's employment. As in *Squeri* and *Driscoll,* Plaintiffs claims should be dismissed for failure to state a claim. *See also Madden*, 2021 WL 231298, at *4 (dismissing plaintiff's breach of contract claim for failing to state a claim where plaintiff alleged only that her "employment with [defendant] constituted a contractual relationship").

What's more, Plaintiffs' allegations describe the textbook attributes of at-will employment, the hallmark of which is the *absence* of a contract between the employer and employee. *See*, e.g. *Marron v. Eby-Brown Co., LLC,* No. 1:11-CV-2584, 2012 WL 182234, at *2 (N.D. Ill. Jan. 23, 2012) (dismissing a breach of contract claim where the "[p]laintiff has failed to establish the existence of an agreement that overrides the presumption that his employment was at-will."); *Haglund v. Estee Lauder Companies, Inc.*, 466 F. Supp. 3d 292, 299 (D. Mass. 2020) ("Employment in Massachusetts is presumed to be at will unless a party demonstrates the existence of an express or implied contract governing the terms and conditions of employment."). This is not sufficient to plead a valid contract. Rather, Massachusetts courts have routinely held that pleading the existence of an employment relationship without more is

not enough to allege a viable breach of contract claim. *See Madden*, 2021 WL 231298, at *4 (dismissing plaintiff's breach of contract claim for failing to state a claim where plaintiff alleged that her "employment with [defendant] constituted a contractual relationship"); *Driscoll*, 2018 WL 2139223, at *5 ("To the extent that Plaintiff is attempting to argue that a contract existed simply by virtue of her employment, she has cited no legal authority in support of that proposition."); *Higgins*, 246 F. Supp. 3d at 518 (dismissing breach of contract claim premised on employment where plaintiff alleged she was forced to resign but failed to identify the existence of any contract).

To the extent Plaintiffs aver that the supposed agreement was an implied contract, their allegations still fail to state a claim; even implied contracts require more than what Plaintiffs allege in the Complaint. *See, e.g.*, *Haglund,* 466 F. Supp. 3d at 299 (describing the requirements to sufficiently plead that an employment manual formed an implied contract); *Aleshire*, 2009 WL 10701866, at *4 (N.D. Ill. Oct. 27, 2009) (plaintiff's allegation "fail[ed] to give sufficient context to the offer, acceptance, and consideration, and therefore, [were] too vague to state a claim that is plausible on its face.') (citing *Twombly*, 550 U.S. at 570.); *Squeri*, 2019 WL 2249722, at *5 (explaining "[p]laintiffs fail to identify, among other things, the specific terms of the purported contract, when it was formed, and who negotiated it" and finding that the allegations also failed to state a claim for an implied contract). Plaintiffs' bare-bones allegations do not support the existence of any type of potential contract (express, implied, employee handbook, oral, etc.). Plaintiffs have pleaded no details about the formation of any contract, which Defendant is a supposed party to the contract, who made the alleged offers or promises, whether the alleged contract was written or oral, the negotiations surrounding it, or – and most important – the terms of any alleged contract. Without these basic facts, Plaintiffs have not and cannot plead the

9

existence of an enforceable contract. Accordingly, Plaintiffs' breach of contract claim should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Count IV (breach of contract) of Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.


DATED: June 7, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**DEFENDANTS CRESCO LABS, INC. and CRESCO LABS, LLC**

　　　　　　　　　　　　　　　　　　By: /s/ *Brandon L. Dixon*　　　
　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys

Kyle A. Petersen (kpetersen@seyfarth.com)
Brandon L. Dixon (bdixon@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: 　(312) 460-5000
Facsimile: 　　(312) 460-7000

**CERTIFICATE OF SERVICE**

    I certify that on June 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                                  *s/ Brandon L. Dixon*