IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE DUTCHER and STACY NEGLEY, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CRESCO LABS, INC. and CRESCO LABS, LLC,<br><br>Defendants. | Case No. 21-cv-02106<br><br>Honorable Gary Feinerman |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
COUNT IV OF THE COMPLAINT**

In their Opposition, Plaintiffs admit that their allegations of the existence of a valid contract rest solely on the fact that there was an employment relationship between Plaintiffs and one or both Defendants. (*See* ECF No. 31, Pls. Opp. at 9.) While Plaintiffs use language such as "offer," "consideration," and "accepted" in their Complaint to create the illusion of detailing the formation of contract, at bottom, the Complaint merely alleges that they were employees of Cresco. This is not enough. They have fallen short of making a threshold showing of the existence of any type valid contract between either Plaintiff and either Defendant under the federal pleading standards. The Complaint contains no context about, for instance, the formation of the purported contract—such as who negotiated it, who made the alleged "express promise," and how such "promise" was relayed to them—and Plaintiffs' Opposition makes no attempt to identify those or similar basic facts. As a result, the Court should dismiss Count IV of Plaintiffs' Complaint..4

1

Plaintiffs are obligated, at the pleading stage, to "state with substantial certainty the facts showing the existence of the contract and the legal effect thereof." *Vieira v. First Am. Title Ins. Co.*, 668 F. Supp. 2d 282, 289 (D. Mass. 2009). In *Driscoll*, the Court dismissed the plaintiff's breach of contract claims because she only "assert[ed] that the contract included the 'normal and customary' elements of an employment contract." *Driscoll v. Simsbury Assocs., Inc.*, No. 17-CV-12373-ADB, 2018 WL 2139223, at *5 (D. Mass. May 9, 2018). These allegations are akin to Plaintiffs' breach of contract allegations in this case. Namely, Plaintiffs merely contend they were hired by Cresco at a certain pay rate; these are "normal and customary" elements of employment, which, as the court held in *Driscoll*, do not establish with "substantial certainty" the existence of a contract. *See id.*

Plaintiffs assert in their Opposition that Defendants have "cited no legal authority" in support of the argument that Plaintiffs are required to plead specific details about the contract to withstand a motion to dismiss. (Opp. at 11.) This is not true. *Squeri*, for example, explains a viable breach of contract claim requires "the *specific* terms of the purported contract, when it was formed, and who negotiated it." *Squeri v. Mount Ida Coll.*, No. CV 18-12438-RGS, 2019 WL 2249722, at *5 (D. Mass. May 24, 2019), aff'd, 954 F.3d 56 (1st Cir. 2020) (emphasis added). It was the "lack of specificity," according to the court, that resulted in Plaintiffs' claims being dismissed in that case. *Id.* Likewise, in *Driscoll*, the court dismissed the plaintiff's breach of contract claim due to her failure to "set forth any details of the alleged contract" including whether the employment was for a set term or at-will, how paid time off was to accrue, or other relevant details about the potential existence of a contract. 2018 WL 2139223 at *5. The court in *Hogan v. Teamsters Local 170* also illustrates the importance of specificity at this stage of litigation. In that case, the court held that "[a] plaintiff must at least plead facts identifying who

2

did what to whom, when, where, and why, and explaining what obligations were imposed on each of the parties by the alleged contract." 2020 WL 5821905, at *3 (D. Mass. Sept. 30, 2020); *see also Aleshire v. Harris, N.A*., No. 08 C 7367, 2009 WL 10701866, at *4 (N.D. Ill. Oct. 27, 2009) (dismissing a breach of contract claim where plaintiff "failed to sufficiently allege the material terms of the purported oral contract with any specificity, and thus has not raised her right to relief above the speculative level.").

Plaintiffs attempt to distinguish cases such as *Driscoll* and *Squeri* by quibbling about immaterial factual differences between those cases and the one at bar. But what they do not and cannot deny is the lesson those cases teach: in order to adequately plead a breach of contract claim in federal court, a plaintiff must provide specific details about the existence of a contract between parties beyond claiming the defendant employed the plaintiff. Paragraphs 87-91 of the Complaint state that each plaintiff was hired on an approximate date at an unspecified pay rate. Plaintiffs draw out that sentiment over numerous paragraphs and include words such as "offer" and "accepted" to deceive the reader into thinking that they are detailing the formation of a contract. But in reality, those paragraphs could be boiled down to "Cresco hired Plaintiff Dutcher in January 2020" and "Cresco hired Plaintiff Negley in August 2019." And, in fact, Plaintiffs' failure to include specific allegations is no mistake. Contrary to Plaintiffs' allegations in their Complaint and Opposition, Cresco did *not* offer Plaintiffs Dutcher and Negley employment in January 2020 and August 2019, respectively. Rather, Plaintiffs were hired by an entity known as Hope Heal Health, Inc. Cresco did not maintain any operations in Fall River, Massachusetts until May 2020 and could not have entered into any contract with Plaintiffs prior to that. Thus, as written, the allegations—despite their lengthiness—are devoid of the substance necessary to adequately plead a breach of contract cause of action.

Some of the authority Plaintiffs rely upon do them no favors in this regard. For example, they cite *Cabi v. Boston Children's Hosp*. for the proposition that "Cresco specifically contracted with Plaintiffs' to pay them an hourly wage for all hours worked" and that Plaintiffs have therefore sufficiently pleaded a breach of contract claim. (Opp. at 10.) However, in *Cabi*, the plaintiff, responding to defendants' motion to dismiss argument that they had failed to plead the existence of a contract, detailed *specific* documents and particular facts surrounding promises they alleged constituted a contract. *Cabi v. Bos. Children's Hosp*., 161 F. Supp. 3d 136, 160 (D. Mass. 2016). The court first disagreed with plaintiff's argument concerning the defendant's general employment policies, concluding that they did not amount to an enforceable contract. *Id*. at 161. However, plaintiffs were able to survive the defendants' motion to dismiss by alleging specific promises the company made to them that "plausibly constituted a contract." *Id*. at 161-62. In contrast to plaintiffs here, the *Cabi* plaintiffs pointed to language from offer letters indicating plaintiffs' salary and a term for which that salary would be paid. *Id* at 62. In the same letter, the defendants in turn made several requests of plaintiff. *Id*. Those specific allegations, the court held, were enough to survive a motion to dismiss their breach of contract claim.

In the present case, Plaintiffs' allegations do not even begin to approach setting forth these types of specific details. They contend that there was an "express promise" to Plaintiffs, but fail to allege who made the promise, whether such promise was conveyed to them by written or oral means, whether the promise to pay them a certain amount was part of an offer letter or express written employment agreement, whether they negotiated the amount, whether the agreement contained other terms, or even the basic detail of the amount Cresco allegedly promised to pay them. Without at least alleging some of these facts Plaintiffs cannot establish with "substantial certainty" the existence of a contract, which is fatal to their claim at this stage.

4

Plaintiffs cite other cases such as *Manning* and *Gonpo* to argue that the employment relationship alone suffices to establish the existence of a contract. (Opp. at 6-7; 10.) However, numerous post-*Manning* cases cited by both parties on this subject wrestle with whether a Plaintiff has indeed pleaded sufficient detail to establish the existence of a contract in the motion to dismiss context. It is unlikely that all of these courts simply ignored *Manning*. Rather, it is more likely that cases like *Manning* and *Gonpo* support the idea that an employment relationship *could* be a contractual one (even in the absence of a written agreement)—a position Cresco does not necessarily dispute for purposes of this Motion. However, what *Manning*, *Gonpo*, and *Spears*--a state court case that preceded *Twombly/Iqbal*—fail to do is analyze the plaintiffs' breach of contract allegations though the Fed. R. Civ. P. 12(b)(6) pleading standard lens. As a result, any persuasive effect they have is severely diminished.

For the reasons stated above and in Defendants' Memorandum of Law in Support of Motion to Dismiss Count IV of the Complaint, Plaintiffs' have failed to adequately plead the existence of a contract and the Court should dismiss their breach of contract claim.

DATED: July 20, 2021          Respectfully submitted,

                                          **DEFENDANTS CRESCO LABS, INC. and CRESCO LABS, LLC**

                                          By:   /s/ *Kyle Petersen*
                                                     One of Their Attorneys

Kyle A. Petersen (kpetersen@seyfarth.com)
Brandon L. Dixon (bdixon@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone:    (312) 460-5000
Facsimile:      (312) 460-7000

Molly C. Mooney* (mmooney@seyfarth.com)
*Admitted pro hac vice*
SEYFARTH SHAW LLP
2 Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:      (617) 790-6748

## **CERTIFICATE OF SERVICE**

      I certify that on July 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                             *s/ Brandon L. Dixon*